OFFICE OF DISCIPLINARY COUNSEL *v.* PANSIERA.

[Cite as *Disciplinary Counsel v. Pansiera* (1997), 77 Ohio St.3d 436.]

(No. 96–921—Submitted October 8, 1996—Decided February 19, 1997.)

*Geoffrey Stern,* Disciplinary Counsel, and *Sally Ann Steuk,* Assistant Disciplinary Counsel, for relator.

*Terry Alan Pansiera, pro se.*

---

*Per Curiam.* In *Disciplinary Counsel v. McCrae* (1996), 75 Ohio St.3d 511, 664 N.E.2d 523, we considered an attorney's conviction for conduct not directly relating to the practice of law and pointed out that the Ethical Considerations adopted as a part of our Code of Professional Responsibility state that a lawyer "should refrain from all illegal and morally reprehensible conduct. Because of

438

his position in society, even minor violations of law by a lawyer may tend to lessen public confidence in the legal profession." EC 1–5.

While respondent in this case had no lawyer-client relationship with the child-victim, by virtue of his seniority, his status as a professional person, and his friendship with the child-victim in a substance-abuse rehabilitative program, respondent was in a position of dominance and the child-victim was in a position of vulnerability. Respondent had a moral duty, a legal duty, and a duty as a representative of his profession not to exploit that situation.

In *Disciplinary Counsel v. Randall* (1989), 43 Ohio St.3d 149, 539 N.E.2d 160, a case involving a conviction of an attorney for gross sexual imposition, we found that indefinite suspension was an appropriate sanction. Adopting the findings and recommendation of the board, we so find in this case. Respondent is indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.