[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 436.]

OFFICE OF DISCIPLINARY COUNSEL V. PANSIERA.

[Cite as *Disciplinary Counsel v. Pansiera*, 1997-Ohio-93.]

*Attorneys at law—Misconduct—Indefinite suspension—Conviction of corrupting a minor.*

(No. 96-921--Submitted October 8, 1996--Decided February 19, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-36.

_____

{¶ 1} On April 10, 1995, the Office of Disciplinary Counsel of the Supreme Court of Ohio, relator, filed a complaint charging Terry Alan Pansiera of Hamilton County, Ohio, Attorney Registration No. 0017819, respondent, with a violation of DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude) and 1-102(A)(6) (engaging in conduct that adversely reflects on his fitness to practice law). The charges were based on respondent's conviction in common pleas court after a plea of "guilty" to seven counts of corrupting a minor in violation of R.C. 2907.04. On several occasions in 1993 and 1994, respondent "* * * engage[d] in sexual conduct with another, who is not the spouse of the offender, when the offender knows such other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." R.C. 2907.04, 143 Ohio Laws, Part II, 2049, 2053. The acts of sexual conduct forming the basis of respondent's conviction normally occurred in connection with meetings or activities of Alcoholics Anonymous, where respondent became a friend of the child-victim. On February 8, 1995, respondent was sentenced to two years in prison, and on March 8, 1995, pursuant to Gov.Bar R. V(5)(A)(2) and (3), we suspended respondent from the practice of law for an indefinite period. *In re Pansiera* (1995), 71 Ohio St.3d 1489, 646 N.E. 2d 465.

**{¶ 2}** After respondent filed an answer and waived a hearing on this matter, both relator and respondent filed briefs recommending appropriate sanctions. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found that respondent had violated DR 1-102(A)(3) and 1-102(A)(6) and recommended that respondent be indefinitely suspended from the practice of law. The board adopted the panel's findings, conclusions, and recommendation.

––––––––––––––––––

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Terry Alan Pansiera, pro se*.

––––––––––––––––––

***Per Curiam.***

**{¶ 3}** In *Disciplinary Counsel v. McCrae* (1996), 75 Ohio St.3d 511, 664 N.E.2d 523, we considered an attorney's conviction for conduct not directly relating to the practice of law and pointed out that the Ethical Considerations adopted as a part of our Code of Professional Responsibility state that a lawyer "should refrain from all illegal and morally reprehensible conduct. Because of his position in society, even minor violations of law by a lawyer may tend to lessen public confidence in the legal profession." EC 1-5.

**{¶ 4}** While respondent in this case had no lawyer-client relationship with the child-victim, by virtue of his seniority, his status as a professional person, and his friendship with the child-victim in a substance-abuse rehabilitative program, respondent was in a position of dominance and the child-victim was in a position of vulnerability. Respondent had a moral duty, a legal duty, and a duty as a representative of his profession not to exploit that situation .

**{¶ 5}** In *Disciplinary Counsel v. Randall* (1989), 43 Ohio St.3d 149, 539 N.E.2d 160, a case involving a conviction of an attorney for gross sexual

imposition, we found that indefinite suspension was an appropriate sanction. Adopting the findings and recommendation of the board, we so find in this case. Respondent is indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____